IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-mj-01129-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DANIEL B. RUDDEN,

    Defendant.

## JOINT MOTION TO EXCLUDE TIME BEFORE INDICTMENT

The United States, by Robert C. Troyer, United States Attorney for the District of Colorado, and Martha A. Paluch and Rebecca S. Weber, Assistant United States Attorneys, and Daniel B. Rudden, by and through his counsel Assistant Federal Public Defender Natalie Stricklin, jointly move this Court to exclude the time period from and including August 15, 2018 to September 14, 2018 (30 days) in computing the time within which an indictment must be filed.   In support thereof, the parties state as follows:

    1.       On July 16, 2018, an arrest warrant was issued by the United States Magistrate Judge Scott T. Varholak on the basis of a criminal complaint charging the defendant with wire fraud, in violation of 18 U.S.C. § 1343.   The defendant voluntarily surrendered to the United States Marshals Service on July 17, 2017.   That same day, he was brought before Judge Varholak for his initial appearance, pursuant to Rule 5. He was released on a personal recognizance bond. The defendant's arraignment,

1

preliminary hearing, and discovery conference is scheduled for August 6, 2018, before Magistrate Judge Kristin Mix.

2.      The Speedy Trial Act requires that a defendant be indicted within thirty days of his arrest.   See 18 U.S.C. § 3161(b).   Therefore, the government must seek an indictment from a grand jury on or before August 15, 2018.

3.      A magistrate judge may issue orders excluding time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161-74 after making appropriate findings. D.C.COLO.L.CR. 57.1(a) and 57.1(b)(12).   18 U.S.C § 3161(h)(7)(A) authorizes the Court to exclude time when it concludes that the ends of justice resulting from any delay outweigh the best interest of the public and the defendant in a speedy trial.   The Court must make explicit findings justifying its reasoning, but it "need not articulate facts which are obvious and set forth in the motion for the continuance itself." United States v. Williams, 511 F.3d 1044, 1057 (10th Cir. 2007) (internal quotation and citations omitted).   Among the factors that the Court may consider when weighing whether to exclude time are (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm the moving party might suffer as a result of a denial of the continuance. United States v. West, 828 F.2d 1468, 1469-70 (10th Cir. 1987).

4.      The parties seek a 30-day exclusion of time for the following reasons:

      a.      Counsel for both parties are diligently reviewing the facts of this matter for the purposes of exploring a pre-indictment resolution of this case. The exclusion of time would allow counsel to focus their efforts on plea negotiations, without creating the risk that they would not, despite their diligence, have reasonable time for the effective preparation of trial.

      b.      The parties need time to review discovery, identify and interview all victims, negotiate a plea agreement, and file an Information. If no exclusion is granted, the government would be required to present the case to a grand jury 30 days after arrest, which would be on or before August 15, 2018. However, as a practical matter, because grand juries in this district do not meet every week, and because the government would need time to prepare for a presentation to the grand jury, the parties have considerably less than 30 days after arrest to actually negotiate a plea. Therefore, despite diligence from counsel for both parties, the requested exclusion is necessary to accomplish all of the tasks prerequisite to a successful plea.

      c.      Rejecting this request would impose significant inconvenience and harm on all of the parties, their potential witnesses, victims, and the Court. Without the exclusion, the government would be forced to present a case to a grand jury before the deadline, in circumstances where, given more time, the parties might be able to resolve the matter without burdening the grand jury. In those circumstances, the defendant, too, would be inconvenienced by a premature indictment that might complicate a successful resolution of the case. Finally, a premature indictment would require the Court to expend resources related to scheduling the resulting case.

5.      The defendant expressly understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by his waiver.

WHEREFORE, the parties request, pursuant to 18 U.S.C. § 3161(h), that the time period from and including August 15, 2018, to September 14, 2018 (30 days) be excluded in computing the time within which an indictment or information must be filed. The new Speedy Trial deadline by which the government must obtain an indictment from a grand jury is on or before September 14, 2018.

Respectfully submitted,

ROBERT C. TROYER
United States Attorney

/s Martha A. Paluch
Martha A. Paluch
Assistant U.S. Attorney

/s Rebecca S. Weber
Rebecca S. Weber
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Martha.paluch@usdoj.gov
E-mail: Rebecca.weber@usdoj.gov

Defendant's Signature:   I hereby agree that I have consulted with my attorney and fully understand all my rights with respect to a speedy trial, including my right to be charged by indictment within 30 days of arrest, as required by 18 U.S.C. § 3161(b).  I have read this motion for an extension of time to be charged by indictment, and carefully reviewed every part of it with my attorney.   I understand this motion and voluntarily agree to it.

Date: 8/1/18

DANIEL B. RUDDEN, Defendant

Defense Counsel's Signature:   I am counsel for the defendant in this case.   I have fully explained to the defendant the defendant's right to be charged by indictment within 30 days of arrest.   Specifically, I have reviewed the terms and conditions of 18 U.S.C. § 3161(b), and I have fully explained to the defendant the provisions that may apply in this case.   To my knowledge, the defendant's decision to agree to an extension of time to be charged by indictment is an informed and voluntary one.

Date: 8/1/18

s/ Natalie Stricklin
Natalie Stricklin
Federal Public Defender
Counsel for the Defendant

5

## CERTIFICATE OF SERVICE (CM/ECF)

I certify that on this 2nd day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all counsel of record in this case.

> s/ *Martha A. Paluch*
> Martha A. Paluch
> Rebecca S. Weber
> Assistant United States Attorneys
> 1801 California Street, Suite 1600
> Denver, CO 80202
> Telephone 303-454-0100
> Facsimile 303-454-0402
> E-mail: Martha.paluch@usdoj.gov