**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 18-mj-01129-STV

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. DANIEL B. RUDDEN,

     Defendant.

---

**ORDER GRANTING SECOND JOINT MOTION TO EXCLUDE
TIME BEFORE INDICTMENT**

---

     This matter is before the Court on the Parties' Second Joint Motion to Exclude Time Before Indictment.   Through this motion, the parties jointly move this Court to exclude the time period from and including September 14, 2018, to October 29, 2018 (45 days) in computing the time within which an indictment must be filed.

     The Court hereby GRANTS the Second Joint Motion for the following reasons:

     1.     This Court issued a warrant for the arrest of the defendant on July 16, 2018, on the basis of a criminal complaint charging the defendant with wire fraud, in violation of 18 U.S.C. § 1343.   ECF Nos. 1, 2.   The defendant voluntarily surrendered to the United States Marshals Service on July 17, 2017.   That same day, he was brought before this Court for his initial appearance, pursuant to Rule 5.   He was released on a personal recognizance bond.   ECF No. 9.

     2.     On August 2, 2018, the parties filed a Joint Motion to Exclude Time before

1

Indictment, extending the time within which the government must seek an indictment to September 14, 2018.   ECF 14.   On August 7, 2018, after a status hearing, the Court granted the motion.   ECF 18.   A status conference is scheduled for September 14, 2018 at 10:00 a.m. before Magistrate Judge Nina Y. Wang.

3.      This Court has the authority to issue orders excluding time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161-74, after making appropriate findings. D.C.COLO.L.CR. 57.1(a) and 57.1(b)(12).   18 U.S.C § 3161(h)(7)(A) authorizes the Court to exclude time when it concludes that the ends of justice resulting from any delay outweigh the best interest of the public and the defendant in a speedy trial.   The Court must make explicit findings justifying its reasoning, but it "need not articulate facts which are obvious and set forth in the motion for the continuance itself."   *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007) (internal quotation and citations omitted).   Among the factors that the Court may consider when weighing whether to exclude time are (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm the moving party might suffer as a result of a denial of the continuance.   *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).

4.      This Court finds that a 45-day exclusion of time is warranted for the following reasons:

a.      Counsel for both parties are diligently reviewing the facts of this matter for the purposes of exploring a pre-indictment resolution of this case, and it appears that such a resolution is likely.   The exclusion of time would allow counsel to focus their efforts on plea negotiations, without creating the risk that they would not, despite their diligence, have reasonable time for the effective preparation of trial.

b.      The parties need additional time to review discovery, identify and interview all victims, negotiate a plea agreement, and file a Waiver of Indictment and an Information.   To date, the investigative materials, to include, *inter alia,* interviews, transcripts, and bank records, total approximately 28,000.   Agents have identified 21 bank accounts tied to the defendant.   The government is waiting to receive records from a number of financial institutions.   The return date on these records requests is September 11, 2018, although the government has asked these entities to produce the records as soon as possible.   In addition, certain financial institutions provided incomplete records, which required government agents to ask these institutions to produce the omitted documents.   This has delayed the receipt, processing, and production of these records.   Finally, interviews and review of produced documents has resulted in the issuance of additional requests for records in the past week.   In sum, it is anticipated that the total number of pages of discovery will far exceed 28,000.

c.      The need for a thorough review of the financial records in this case is even more important because the defendant destroyed his computer and records which would have detailed 1) the identities of his investors; 2) how much money each investor invested in Financial Visions, Inc. and its related entities; and 3) how much

3

money each investor received in "interest payments,"[1] which amounts will reduce the amount of money an individual investor is entitled to receive in restitution.   Without a firm understanding of the loss amount, it is difficult to draft an accurate guideline calculation in a plea agreement.   Moreover, if the parties proceed to a hearing at which time the defendant waives indictment, the government will be unable at that point to utilize the grand jury to firm up the loss amount prior to a change of plea hearing. Therefore, despite due diligence from counsel for both parties, the requested exclusion is necessary to accomplish all of the tasks prerequisite to a successful plea.

        d.      An extension of 45 days will allow the government to obtain and review all records necessary prior to seeking an indictment, or more likely, the filing of an Information and Waiver of Indictment through a pre-indictment resolution.

        e.      Rejecting this request would impose significant inconvenience and harm on all of the parties, their potential witnesses, victims, and the Court.   Without the exclusion, the government would be forced to present a case to a grand jury just days after the anticipated return of documents on September 11, 2018.   Given more time, it is very likely the parties will resolve the matter without burdening the grand jury.   In those circumstances, the defendant, too, would be inconvenienced by a premature indictment that might complicate a successful resolution of the case.   It is in the defendant's interests for the government to expend its resources at this point to determine an accurate loss amount rather than prepare for a grand jury presentation.

---

[1] Investigation thus far has revealed that "interest payments" made to earlier investors were actually principal amounts given to the defendant by later investors.

Finally, a premature indictment would require the Court to expend resources related to scheduling the resulting case.

5.     The Second Joint Motion expressly states that the defendant understands that his waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by his waiver.

WHEREFORE, for the reasons stated herein, the Court GRANTS the Second Joint Motion and holds that, pursuant to 18 U.S.C. § 3161(h), the time period from and including September 14, 2018, to October 29, 2018 (45 days) will be excluded in computing the time within which an indictment or information must be filed.   The new Speedy Trial deadline by which the government must obtain an indictment from a grand jury is on or before October 29, 2018.

DATED this _____ day of _____, 2018.


_____
SCOTT T. VARHOLAK
UNITED STATES MAGISTRATE JUDGE